1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 03, 2022

SEAN F. McAVOY, CLERK

3

4

5

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

6

7

CHRISTOPHER B.,

8                            Plaintiff,

9       v.

10  KILOLO KIJAKAZI, ACTING
   COMMISSIONER OF SOCIAL
11  SECURITY,[1]

12                          Defendant.

|  |
|---|
| NO:  2:20-CV-00481-LRS |
| ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

13      BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 18, 20.  This matter was submitted for consideration without

15  oral argument.  Plaintiff is represented by attorney Chad L. Hatfield.  Defendant is

16

17      [1]Kilolo Kijakazi became the Acting Commissioner of Social Security on

18  July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

19  Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No

20  further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

21

ORDER ~ 1

represented by Special Assistant United States Attorney Jeffrey E. Stables.  The

Court, having reviewed the administrative record and the parties' briefing, is fully

informed.  For the reasons discussed below, the Court **GRANTS, in part,**

Plaintiff's Motion for Summary Judgment, ECF No. 18, **DENIES** Defendant's

Motion for Summary Judgment, ECF No. 20, and **REMANDS** the case for to the

Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Christopher B.[2] filed an application for Supplemental Security

Income (SSI) on July 24, 2018, Tr. 83, alleging disability since June 1, 2017, Tr.

172, due to restless leg syndrome, insomnia, joint pain, spine injury, limited range

of motion in his neck, memory issues, depression, and anxiety, Tr. 203.  Benefits

were denied initially, Tr. 103-11, and upon reconsideration, Tr. 115-21.  A hearing

before Administrative Law Judge Jesse K. Shumway ("ALJ") was conducted on

July 8, 2020.  Tr. 36-68.  Plaintiff was represented by counsel and testified at the

hearing.  *Id*.  Plaintiff amended his alleged onset date to April 7, 2018.  Tr. 39.

The ALJ also took the testimony of medical expert Stephen Rubin and vocational

expert Jeff Cockrum.  Tr. 36-68.  The ALJ denied benefits on July 28, 2020.  Tr.

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's

first name and last initial, and, subsequently, Plaintiff's first name only, throughout

this decision.

20-31.  The Appeals Council denied Plaintiff's request for review on February 27,

2017.  Tr. 1-3.  Therefore, the ALJ's decision became in the final decision of the

Commissioner.  The matter is now before this Court pursuant to 42 U.S.C. §

405(g).  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and

transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the amended alleged date of onset.  Tr. 171.  He

completed his GED in 1994.  Tr. 204.  Plaintiff's reported work history includes

jobs in as a customer service representative, dishwasher, and security guard.  Tr.

204.  At application, he stated that he stopped working on June 1, 2017, due to his

conditions.  Tr. 204.

Plaintiff was assaulted by three or four men on April 7, 2018.  Tr. 304.  The

attack resulted in a left frontal bone fracture, a left orbital wall fracture, a left

ethmoid fracture, nasal fractures, and a traumatic brain injury (TBI).  Tr. 304, 306.

Plaintiff's amended onset date reflects the date of the attack.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by  42 U.S.C. §§ 405(g), 1383(c).  The scope of review under

§ 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not

ORDER ~ 3

supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.20(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application, July 24, 2018. Tr. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: closed head injury; mild neurocognitive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); cannabis use disorder; cervical degenerative disc disease; and left AC joint separation. Tr. 22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then found that Plaintiff had

the RFC to perform a full range of medium work as defined in 20 C.F.R. §

416.967(c) with the following limitations:

> he can occasionally climb ladders, ropes, and scaffolds, and frequently
> climb ramps and stairs; he can occasionally reach overhead with the left
> upper extremity; he cannot have concentrated exposure to extreme cold
> or vibration, and he can have no exposure to hazards (e.g., unprotected
> heights, moving mechanical parts); he is limited to simple, routine,
> repetitive tasks; and he needs a routine, predictable work environment
> with no more than occasional changes and no assembly-line pace or
> other fast-paced work.

Tr. 24. The ALJ made no step four determination. Tr. 30. At step five, the ALJ

found that considering Plaintiff's age, education, work experience, and RFC, there

were other jobs that exist in significant numbers in the national economy that

Plaintiff could perform, including electrical accessories assembler I, laundry

worker II, and routing clerk. Tr. 30. The ALJ concluded that Plaintiff was not

under a disability, as defined in the Social Security Act, from the date of

application, July 24, 2018, through the date of the decision. Tr. 31.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him SSI benefits under Title XVI of the Social Security Act. ECF No. 18.

Plaintiff raises the following issues for this Court's review:

1.    Whether the ALJ properly evaluated Plaintiff's symptom statements;

2.    Whether the ALJ properly addressed the medical opinion evidence;

3.    Whether the ALJ made a proper step three determination; and

4.    Whether the ALJ made a proper step five determination.

## DISCUSSION

**1.    Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in the treatment of his symptom statements.  ECF No. 18 at 16-20.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Id.*

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

The ALJ stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in

this decision." Tr. 25-26.  Specifically, the ALJ provided four reasons for rejecting

Plaintiff's symptom statements: (1) Plaintiff's daily activities was inconsistent with

his allegations; (2) the objective medical evidence was inconsistent with his

allegations; (3) Plaintiff's course of treatment undermined his allegations; and (4)

Plaintiff's limited work history raised the question of whether his unemployment is

attributed to his medical impairments.  Tr. 25-27.

The ALJ's first reason for rejecting Plaintiff's testimony, that it was not

supported by his daily activities, is not specific, clear and convincing.  A

claimant's daily activities may support an adverse credibility finding if (1) the

claimant's activities contradict his other testimony, or (2) "the claimant is able to

spend a substantial part of his day engaged in pursuits involving performance of

physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d

625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

A claimant need not be "utterly incapacitated" to be eligible for benefits.  *Fair*, 885

F.2d at 603.  Here, the ALJ found that Plaintiff's ability to care for his dogs, play

games on a tablet, clean his home, and assist an elderly woman with chores was

inconsistent with his allegations.  Tr. 25, 27.  The Ninth Circuit has warned ALJs

against using simple household activities against a person when evaluating their

testimony:

> We have repeatedly warned that ALJs must be especially cautious in
> concluding that daily activities are inconsistent with testimony about
> pain, because impairments that would unquestionably preclude work

and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). Here, Plaintiff's ability to care for his pets, play games on electronic devices, and perform household chores are not sufficient to support the ALJ's determination.

The ALJ's second reason for rejecting Plaintiff's symptom statements, that they were not supported by objective evidence, is not specific, clear and convincing. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ repeatedly points to objective evidence and statements to providers throughout the record as support for finding. Tr. 26-27. However, the other reasons the ALJ provided for rejecting Plaintiff's symptom statements fails to meet the specific, clear and convincing standard. Therefore, any inconsistency with the objective medical evidence alone is not enough to support the ALJ's determination. *See* S.S.R. 16-3p ("Symptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques.").

Furthermore, the ALJ disregarded the objective medical evidence that supported Plaintiff's allegations: "I recognize that the consultative psychological examination did find memory and cognitive deficits, but this exam took place only 7 months after his assault (i.e., when further healing from his head injury would

still be expected), and later mental status exams were within normal limits."  Tr. 27.  On November 3, 2018, Dr. Wiarda performed multiple cognitive testing that demonstrated substantial limitations including low scores on the WMS-IV in auditory, immediate, and logical memory, Tr. 559,  and low scores on the Trails A and B tests, Tr. 560.  At the hearing, when Dr. Rubin was asked about potential improvement since the testing, he stated that "[h]e hasn't been re-tested and it certainly hasn't been any kind of objective evidence at this point that would either contradict or support the earlier testing," and he "might" have experienced some additional recovery.  Tr. 47.  Therefore, rejecting Plaintiff's statements based on improvement without actual evidence of improvement is an error.

The ALJ's third reason for rejecting Plaintiff's symptom statements, that his course of treatment undermined his allegations, is not specific, clear and convincing.  Conservative treatment can be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).  Likewise, noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints.  20 C.F.R. § 416.930; *Fair*, 885 F.2d at 603.  To support his finding, the ALJ points to evidence that Plaintiff sought routine and periodic medication management for his psychological issues, did not seek significant or ongoing counseling/treatment, and only reported mild to moderate depression and anxiety symptoms.  Tr. 26.  Likewise, the ALJ

also found that Plaintiff missed his physical therapy appointment and then failed to restart treatment.  Tr. 26.  However, the Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  Here, Plaintiff has suffered a TBI, which testing shows has affected his memory.  Tr. 559.  Additionally, the ALJ found anxiety and PTSD to be severe impairments at step two.  Tr. 22.  Therefore, under *Nguyen* this does not meet the specific, clear and convincing standard.

The ALJ's fourth reason for rejecting Plaintiff's symptom statements, that his limited work history raises questions regarding his willingness to work, is not specific, clear and convincing.  Finding that claimant had limited work history and "has shown little propensity to work in [his] lifetime" is a specific, clear, and convincing reasons for discounting the claimant's testimony.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Here, the ALJ failed to make any finding that Plaintiff had shown "little propensity" to work in his lifetime.  Instead, he stated that "I also note that the claimant has a very limited work history, which raises a question as to whether his continuing unemployment is actually attributable to medical impairments."  Tr. 27.  Raising the question is not an affirmative finding that Plaintiff had "little propensity" to work.  The ALJ did not inquire about Plaintiff's limited work history at the hearing.  Tr. 38-43, 50-59.  Therefore, this comment by the ALJ does not rise to the level of specific, clear and convincing

standard.

In conclusion, the ALJ has failed to provide a specific, clear and convincing reason to reject Plaintiff's symptom statements. Therefore, the case is remanded for the ALJ to readdress Plaintiff's statements.

**2.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's treatment of the medical opinions of Nicholas R. Wiarda, Psy.D., Stephen Rubin, Ph.D., and Arthur Flores, PAC. ECF No. 18 at 7-14.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social

Security's disability program).  *Id.*  The regulations emphasize that the

supportability and consistency of the opinion are the most important factors, and

the ALJ must articulate how he considered those factors in determining the

persuasiveness of each medical opinion or prior administrative medical finding.  20

C.F.R. § 416.920c(b).  The ALJ may explain how he considered the other factors,

but is not required to do so, except in cases where two or more opinions are equally

well-supported and consistent with the record.  *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).[3]

---

[3]The parties disagree over whether Ninth Circuit case law continues to be

controlling in light of the amended regulations, specifically whether an ALJ is still

required to provide specific and legitimate reasons for discounting a contradicted

opinion from a treating or examining physician.  ECF Nos. 20 at 9-12, 21 at 1-2.

ORDER ~ 15

### A.     Nicholas R. Wiarda, Psy.D.

On November 3, 2018, Dr. Wiarda completed a psychological evaluation of Plaintiff.  Tr. 556-68.  This evaluation the administration of the WMS-IV, which showed an impaired rating in auditory memory and logical memory I and II, borderline rating in immediate memory, verbal paired associates I, and a low average rating in verbal paired associates II, and visual reproduction II.  Tr. 559. Additionally, the Trails B test showed Plaintiff in the fifth percentile.  Tr. 560.  Dr. Wiarda made the following medical source statement:

> There appears to be a deterioration or decompensation in the claimant's ability to work with regard to the chief complaint reported today. Specifically, he sustained a TBI and is demonstrating significant deficits.  Claimant demonstrated the ability to reason and clearly make decisions between better and worse options.  He was able to carry out a 3-step direction.  There was observed impairment in understanding and memory, specifically problems with auditory and delayed memory. Claimant demonstrated impairment in sustained concentration and pacing throughout the examination as evidenced by a borderline score on Trails B which measures complex attention.    That score, in particular, may be more sensitive to marijuana abuse and poor sleep which has been continuous for this claimant.  Claimant demonstrated social improvement through an inability to sustain a long-term, mature relationship and communicate with supervisors effectively to meet his needs.    He demonstrated difficulty adapting to new tasks or environments as shown by problems maintaining a job and may need compensatory measure to assist him.  Or note, he can recognize but not recall previously learned information and with proper supports, his visual memory may be a relative strength.

---

The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER ~ 16

Tr. 561.  The ALJ found this medical source statement only somewhat persuasive, "but no quantification is given for most of the limitations," and rejected the opinion because the testing was only seven months after Plaintiff's TBI.  Tr. 28. Regardless of the specificity of the opinion, the ALJ's reason for finding it only somewhat persuasive, was not supported by substantial evidence.  Here, the ALJ focuses on the potential for Plaintiff's improvement as a reason to reject to opinion for the same reasons he used to reject the test results.  Again, there is no evidence of improvement.  Dr. Rubin's testimony was only that there "might" have been improvement, but acknowledged that there was no evidence of improvement.  Tr. 47.  Here, there is not sufficient evidence to support a finding of improvement. Therefore, this does not properly negate the supportability or the consistency of the opinion.

Before, the ALJ could conclude that Plaintiff has experienced improvement in his memory, he should have ordered an additional consultative evaluation that included re-testing.  Absent evidence of improvement, the ALJ's rationale is not supported by the substantial evidence.  Therefore, upon remand, the ALJ will supplement the record with re-testing and readdressing Dr. Wiarda's opinion.

### B.    Stephen Rubin, Ph.D. and Arthur Flores, PAC

Plaintiff also challenged the ALJ's treatment of the opinions from Dr. Rubin and physician assistant Flores.  ECF No. 18 at 11-14.  However, since the ALJ is to send Plaintiff for re-testing upon remand, these opinions will need to be readdressed

on remand as well.

**3.    Step Three**

Plaintiff challenged the ALJ's strep three determination based on the ALJ's treatment of Dr. Rubin's opinion.  ECF No. 18 at 14-16.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience.  20 C.F.R. § 416.920(d).  An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ considered listings 12.02, 12.04, 12.06, and 12.15 and found that Plaintiff had only mild to moderate limitations in the "paragraph B" criteria, including moderate limitations in understanding, remembering, or applying information.  Tr. 23.  In doing so, the ALJ found that Plaintiff "did have some testing results showing impaired cognition approximately 7 months after his assault, but later exams showed intact memory and mental status within normal limitations."  Tr. 23.  As discussed above, the medical expert testified that there was no evidence to contradict the testing.  Tr. 47.  This case is being remanded for the ALJ to send Plaintiff for a consultative evaluation that would include re-testing.  Therefore, the ALJ will be required to make a new step three determination following Plaintiff's re-testing.

### 4.    Step Five

Plaintiff challenges the ALJ's step five determination.  ECF No. 18 at 20.

Furthermore, the Court notes that the ALJ failed to make a step four determination.

This case is remanded for the ALJ to gather additional evidence in the form of re-

testing Plaintiff's cogitative abilities, readdressing his symptom statements, and

readdressing the medical opinions in the record.  Therefore, if, on remand, the ALJ

does not find Plaintiff eligible at step three, the ALJ is required to make a new

determination at steps four and five.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of

benefits.  ECF No. 18 at 21.

The decision whether to remand for further proceedings or reverse and

award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings,

or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

*Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280

(9th Cir. 1990).  This policy is based on the "need to expedite disability claims."

*Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be

resolved before a determination can be made, and it is not clear from the record

that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The ALJ is required to send Plaintiff out for a consultative evaluation to re-test Plaintiff's cognitive abilities. Additionally, the ALJ must properly address Plaintiff's symptom statements, readdress the medical opinions, and make new determinations at steps three, four, and five. The ALJ will take the testimony of a vocational expert at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

///

///

///

///

///

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the

3    file shall be **CLOSED**.

4    **DATED** February 3, 2022.

5

6                                                          LONNY R. SUKO
                                              Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER ~ 21